**UNITED STATES of America**

v.

**Usiku Larry RANKIN, a/k/a Larry Usiku Rankin a/k/a "Uzi", Usiku Larry Rankin, Appellant.**

No. 08–4896.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 29, 2010.

Filed: Feb. 12, 2010.

Christy H. Fawcett, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Dennis E. Boyle, Esq., Boyle, Neblett & Wenger, Camp Hill, PA, Usiku Larry Rankin, Minersville, PA, for Appellant.

Before: FUENTES and FISHER, Circuit Judges, and DIAMOND,* District Judge.

OPINION OF THE COURT

DIAMOND, District Judge.

On May 7, 2008, after a three-day trial, the jury convicted Usiku Rankin of drug trafficking and firearms offenses. Rankin timely appealed, and his counsel submitted a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Rankin filed two *pro se* briefs in support of his appeal. For the reasons that follow, we will grant Counsel's motion and affirm Rankin's conviction and sentence.

### I.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

### II.

Because we write primarily for the Parties, we will set forth only those facts necessary to our analysis. On January 30, 2008, the grand jury sitting in the Middle District of Pennsylvania charged Rankin with two counts of possession of firearms in furtherance of drug trafficking; one count of distribution and possession with intent to distribute cocaine base, heroin, and marijuana; one count of distribution and possession with intent to distribute cocaine base, heroin, and marijuana in a school zone; one count of possession of firearms by a convicted felon; one count of possession of body armor by a convicted felon; and one count of use of a communication facility to facilitate drug trafficking. *See* 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. § 841(a)(1); 21 U.S.C. § 860(a) and (b); 18 U.S.C. § 922(g); 18 U.S.C. § 931(a); 21 U.S.C. § 843(b). The jury convicted Rankin of all charges.

After trial, the District Court granted Rankin's unopposed motion for acquittal on Count IV (distribution and possession with intent to distribute cocaine base, heroin, and marijuana in a school zone) and Count VI (possession of body armor by a convicted felon). The Court sentenced Rankin to 316 months imprisonment.

Rankin filed a timely notice of appeal. Concluding that he could raise only frivolous appellate issues, Rankin's counsel submitted a motion to withdraw and a supporting brief.

### III.

The *Anders* Court directed that "if counsel finds his [client's appeal] to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. 1396. In doing so, counsel must submit a brief addressing any issue that "might arguably support the appeal." *Id.*; *see also* L.A.R. 109.2(a). The Court must then determine whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. In making this determination, the Court evaluates: "(1) whether counsel adequately fulfilled the [L.A.R. 109.2(a)] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

Our Local Appellate Rule 109.2(a) "reflects the guidelines the Supreme Court promulgated in *Anders* to assure that indigent clients receive adequate and fair representation." *Youla*, 241 F.3d at 300. The Rule requires that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders* ... which shall be served upon the appellant and the United States." *Id.* Once counsel has submitted an *Anders* motion and brief, we must decide whether the appeal is wholly frivolous. Our inquiry is two-fold, considering first "whether counsel adequately fulfilled the requirements of [Rule

109.2(a) ]," and, second, "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000)).

## IV.

### A.

The first prong of Rule 109.2 requires counsel to present sufficient information "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and ... to explain why the issues are frivolous." *Youla*, 241 F.3d at 300. Although counsel need not raise and reject every possible claim, he or she must "provide sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Id.* (internal quotation marks and citations omitted). After thoroughly reviewing the record in this appeal, we conclude that Counsel has satisfied these requirements.

■ Counsel identifies seven possible issues for appeal: (1) whether the District Court abused its discretion in declining to excuse a juror for cause; (2) whether we should order a new trial because a Government witness testified that she was telling the truth; (3) whether the District Court improperly allowed a Government expert witness to testify about drug trafficking patterns; (4) whether the District Court erroneously allowed the Government to cross-examine a defense witness outside the scope of direct examination; (5) whether the District Court improperly sustained a government hearsay objection; (6) whether the District Court abused its discretion in calculating the Sentencing Guideline range based on drug quantities described by a Government witness; and (7) whether the District Court's sentence of 316 months imprisonment was unreasonable. Having submitted an appendix with germane portions of the record, Counsel sets forth in his brief a legal discussion of why these seven issues are frivolous.

It is apparent that Counsel thoroughly reviewed both the record and the law. Accordingly, we conclude that he has satisfied the requirements of Rule 109.2(a)'s first prong.

### B.

Rule 109.2's second prong obligates us review the record and independently determine whether there are any nonfrivolous issues for appeal. "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.' " *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (alterations in original) (quoting *Anders*, 386 U.S. at 744, 87 S.Ct. 1396). Although our review is independent, if the *Anders* brief appears to be adequate on its face, a "complete scouring of the record" is unnecessary. *Youla*, 241 F.3d at 301. Instead, we can allow the *Anders* brief to guide our review. *Id.* In the instant case, because Counsel's *Anders* brief is adequate on its face, we will use it to guide our review.

■ The first issue Counsel raises is whether the District Court abused its discretion in declining to excuse jury panel member "6" for cause. During *voire dire*, panel member 6 explained that she had a relative who had been threatened by someone wielding a knife. The Court rejected Rankin's challenge for cause, crediting the panel member's assurances that she would remain fair and impartial. Rankin subsequently exercised a peremptory challenge to strike panel member 6.

A district court's decision to seat a juror over counsel's objection is "entitled, even on direct appeal, to special deference."

United States v. Jimenez, 513 F.3d 62, 71 (3d Cir.2008). See also id. ("Determining whether a prospective juror can render a fair verdict lies peculiarly within a trial judge's province."). We conclude that the Court acted well within its discretion here. In any event, the defense peremptory challenge to panel member 6 cured any possible error. See Jimenez, 513 F.3d at 72 (citing United States v. Martinez–Salazar, 528 U.S. 304, 307, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000)).

Counsel also challenges two of the District Court's evidentiary rulings. We review such rulings for abuse of discretion. United States v. Ali, 493 F.3d 387, 391 (3d Cir.2007). Rankin's ex-girlfriend (a Government witness) testified that although she had testified falsely in the past, she was now telling the truth. The Court overruled Rankin's objection to that characterization. The Court also overruled Rankin's objection to the testimony of a Government expert witness respecting drug trafficking patterns. We believe both rulings were well within the Court's discretion.

Similarly, the Court did not commit error when it overruled Rankin's objection to the prosecutor's cross-examination of a defense witness that Rankin believed exceeded the scope of the witness's direct examination. Lis v. Robert Packer Hosp., 579 F.2d 819 (3d Cir.1978).

■ The District Court sustained on hearsay grounds the prosecutor's objection to Rankin's attempt to elicit from a Government witness (Rankin's ex-girlfriend) that "she intended to get Mr. Rankin back." (Anders brief at 24.) We agree with Counsel that the District Court erred in sustaining this objection. See Fed.R.Evid. 803(3) (testimony about a declarant's "then existing state of mind, emotion, sensation, or physical condition" is not hearsay). We again agree with Counsel that this error was certainly harmless. Rankin extensively cross-examined the witness with other statements she had made that she intended to harm Rankin. Indeed, defense counsel read to the jury an angry letter she had written to Rankin. Moreover, given the strength of the Government's case—including six eyewitnesses to Rankin's drug dealing activities—the exclusion of this cumulative evidence could not have affected the jury's verdict. See Ali, 493 F.3d at 392 n. 3 ("[I]n light of the overwhelming evidence presented at trial, any error would have been harmless.").

■ We next turn to the sentencing issues raised by Counsel. We examine Rankin's sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The District Court correctly calculated Rankin's Guidelines range to be 316 to 382 months' imprisonment, appropriately relying on the drug weight calculation in Probation's Presentence Report. United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006). The District Court noted that it found credible the testimony of the Government witness on which Probation based its drug quantity determination. Because Rankin did not file a motion for downward departure, the District Court then considered the 18 U.S.C. § 3553(a) factors and imposed sentence. In these circumstances, we conclude that the District Court's sentence was procedurally sound.

Given the Court's discussion of Rankin's long and serious criminal history and the seriousness of the instant offenses, we cannot say that the low-end Guideline sentence of 316 months imprisonment was substantively unreasonable. See United States v. Cooper, 437 F.3d 324, 329 (3d Cir.2006).

In sum, our independent review of the issues raised the *Anders* brief confirms that Rankin's issues for appeal have no arguable merit.

### C.

In light of Counsel's decision to submit an *Anders* brief, Rankin was entitled to submit his own brief in support of his appeal. *See* L.A.R. 109.2(a). Accordingly, we turn next to any additional arguments Rankin makes in his *pro se* briefs: (1) his trial counsel was ineffective; (2) the Commonwealth manufactured and presented false evidence and testimony; (3) he was selectively prosecuted; (4) his crack and heroin sales should have been charged and tried separately; and (5) the District Court should have granted his motion for an acquittal. *See Youla,* 241 F.3d at 301. None of these contentions has any arguable merit.

We will not review Rankin's ineffective assistance claim on this direct appeal because his lawyer's purported ineffectiveness is not apparent from the record. *See United States v. Thornton,* 327 F.3d 268, 271 (3d Cir.2003) ("It has long been the practice of this [C]ourt to defer the issue of ineffectiveness of trial counsel to a collateral attack.")

Because the remaining issues were not preserved at trial, we will review them for plain error. *United States v. Boone,* 279 F.3d 163, 174 n. 6 (3d Cir.2002). There is nothing before us—other than Rankin's sweeping allegations—even to suggest that Rankin was selectively prosecuted or that the Commonwealth created or presented false evidence and testimony. It was permissible to charge and try together Rankin's heroin and crack sales. *See United States v. Eufrasio,* 935 F.2d 553, 570 (3d Cir.1991); *United States v. Bullock,* 71 F.3d 171, 174 (5th Cir.1995) ("Joinder of charges is the rule rather than the exception ..."). Finally, the District Court

properly denied the motion for acquittal: the trial evidence was sufficient to permit a finding of guilt beyond a reasonable doubt. *United States v. Brodie,* 403 F.3d 123, 134 (3d Cir.2005).

In sum, we find that issues raised by Rankin in his original and supplemental *pro se* briefs are frivolous.

### V.

Because we conclude that Counsel has satisfied his obligations under *Anders,* we grant his motion to withdraw. We further conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for *writ of certiorari* in the United States Supreme Court on Rankin's behalf. *See* Local Appellate Rule 109.2(b). Finally, because Rankin's appeal presents no meritorious arguments, we dismiss his appeal and affirm the judgment of the District Court.